## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

| | |
|---|---|
| **STEPHEN MILLER** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 1:24-CV-51-SA-DAS** |
| **TRONOX LLC; and** | |
| **JOHN AND JANE DOES 1-10** | **DEFENDANTS** |

### DEFENDANT TRONOX LLC'S REPLY IN SUPPORT
### OF ITS MOTION FOR SUMMARY JUDGMENT

On April 24, 2025, seven days after the Court-ordered deadline, (*see* Doc. 69), Plaintiff filed his Response in Opposition to Defendant Tronox LLC's Motion for Summary Judgment ("Response"). *See* Doc. 70.[1] In paragraph 3 of his Response, Plaintiff references a "supporting memorandum brief." However, he failed to file with the Court or serve on counsel for Tronox any such brief with his Response. Accordingly, Tronox can only respond to the statements in Paragraphs and 2 and 3 of the Response, as Tronox does not contest the statement in Paragraph 1 regarding what Plaintiff seeks to recover.[2] For the reasons below, the Court should reject Plaintiff's arguments in Paragraphs 2 and 3 and grant Tronox's Motion for Summary Judgment.

*First*, in paragraph 2 of the Response, Plaintiff states that "Tronox has moved for summary judgment on the basis that Mr. Miller knew or should have known of the dangerous condition." Doc. 70 at ¶ 2. That statement is only half true. Pursuant to Section 11-1-66 of the Mississippi Code, Tronox also moved for summary judgment on the basis that Plaintiff's

---

[1] Contemporaneous with this Reply, Tronox is filing a Motion to Strike Plaintiff's Response as Untimely.

[2] By filing this Reply, Tronox does not waive and specifically reserves its right to respond to any brief or other response that Plaintiff may subsequently attempt to file in opposition to Tronox's Motion for Summary Judgment.

04677139

employer, Lavender, Inc., also knew or should have known of the dangerous condition. Tronox's argument on this issue is set forth in pages 8-13 of its Memorandum in Support of Motion for Summary Judgment [Doc. 65].

*Second*, Plaintiff states in paragraph 3 of his Response that "Tronox owed a duty to independent contractors, like Mr. Miller, to furnish a reasonably safe place to work or give warning of danger but failed to do so." *See* Doc. 70 at ¶ 3. This statement is directly contradicted by Section 11-1-66 and the plethora of cases cited and discussed in detail in Tronox's Memorandum. Unlike Tronox, Plaintiff has not cited any authority in support of his position, and as a result, the Court should grant Tronox's Motion for Summary Judgment.

*Finally*, Plaintiff argues in his Response that "[g]enuine issues of material fact exist that warrant denial of summary judgment." *See* Doc. 70 at ¶ 3. Plaintiff, however, fails to identify which of the specific facts set forth in Tronox's Motion he disputes. *See Mize v. Harvey Shapiro Enterprises, Inc.*, 714 F.Supp. 220, 225 (N.D. Miss. 1989) ("Rule 56(e) places the responsibility on the adverse party to 'set forth specific facts' with proper evidence to show 'that there is a genuine issue for trial' regarding the critical element at issue…. The claim that some factual dispute exists between the parties will not defeat a properly supported motion for summary judgment, unless the factual dispute is both genuine and material."). Because Plaintiff fails to identify the specific material facts in dispute, the Court should accept Tronox's recitation of the material facts as being true and undisputed.

**ACCORDINGLY**, for the reasons above and those articulated in Tronox's Motion for Summary Judgment and supporting Memorandum, Tronox respectfully requests that the Court enter an order granting Tronox's Motion for Summary Judgment and dismissing Plaintiff's claims against Tronox with prejudice.

04677139

Dated: April 30, 2025.

                                                     Respectfully submitted,

                                                     **TRONOX LLC**

                                                      */s/ R. Richard Cirilli, Jr.*
                                                     One of Its Attorneys

OF COUNSEL:

Scott F. Singley, MSB No. 100134
R. Richard Cirilli, Jr., MSB No. 99132
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
ssingley@brunini.com
rcirilli@brunini.com

04677139

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have this day electronically transmitted the foregoing pleading or other paper to the Clerk's Office using the CM/ECF System for filing which transmitted a Notice of Electronic Filing to all CM/ECF registrants in this case.

    Dated: April 30, 2025.

                                                                                                    s/ *R. Richard Cirilli, Jr.*
                                                                                         R. Richard Cirilli, Jr.