**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**STEPHEN MILLER**                                                                                               **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION NO.: 1:24-CV-51-SA-DAS**

**TRONOX LLC; and
JOHN AND JANE DOES 1-10**                                                    **DEFENDANTS**

---

**REPLY MEMORANDUM IN SUPPORT OF
TRONOX LLC'S MOTION FOR SUMMARY JUDGMENT**

---

Tronox LLC ("Tronox") files this Reply Memorandum in Support of its Motion for Summary Judgment.[1]

## INTRODUCTION

There is no dispute that Section 11-1-66 of the Mississippi Code provides immunity to a premises owner, like Tronox, "for the death or injury of an independent contractor or the independent contractor's employees resulting from dangers of which the ***contractor knew or reasonably should have known***." Miss. Code Ann. § 11-1-66 (emphasis added). It is also undisputed that Plaintiff was injured on the Tronox premises while working for Lavender, Inc. ("Lavender"), and that Lavender was operating as an independent contractor. Dkt. No. 73 at 4. Therefore, as a matter of law, under Section 11-1-66, Tronox, as the premises owner, is immune

---

[1] Plaintiff has inexplicably taken a piecemeal approach to responding to Tronox's motion for summary judgment. On April 24, 2025, a week after the deadline to respond to Tronox's motion, Plaintiff filed, without leave of Court, a short and conclusory response without a supporting memorandum of law. Dkt. No. 70. In response, Tronox filed a motion to strike the untimely and deficient response and filed a reply in support of its motion for summary judgment addressing the conclusory arguments raised in Plaintiff's response. Dkt. Nos. 71-72. Eight days after filing his late response, and more than two weeks after the deadline to respond to Tronox's motion for summary judgment, Plaintiff, again without leave of Court, filed a memorandum of law supporting his response. Dkt. No. 73. Tronox promptly moved to strike the untimely memorandum (Dkt. No. 74) and now, out of an abundance of caution, files this reply memorandum in support of its motion for summary judgment to address the arguments raised in Plaintiff's untimely memorandum.

04690762

from liability for Plaintiff's injuries if Lavender, as an independent contractor and Plaintiff's employer, knew or should have known of the alleged dangerous condition that caused Plaintiff's injuries.

Plaintiff was injured when he slipped and fell on wet titanium dioxide (also known as "pigment") while working in the slurry storage tank area at Tronox's Hamilton Facility. The following facts, which Plaintiff does not dispute, definitively establish that Lavender knew or should have known about this slip and fall hazard:

- Slick surfaces are a constant hazard throughout the Hamilton Facility. Dkt. No. 64-2 at ¶8.

- Lavender has performed work at the Hamilton Facility on a regular basis since it entered into a Master Work Agreement ("MWA") with Tronox in 2016. *Id.* at ¶4.

- Lavender has a safety representative on site on a daily basis who conducts inspections of the various work areas for potential safety hazards prior to its employees beginning a job. *Id.* at ¶5.

- Lavender maintains its own safety office at the Hamilton Facility. *Id.*

- Lavender's safety representatives and its employees attend daily safety meetings conducted by Tronox during which slip and fall hazards are frequently discussed. *Id.* at ¶6.

- Slick surfaces are even more prevalent in the slurry storage tank area where Plaintiff fell because slurry is a wet form of pigment. *Id.* at ¶8.[2]

- Lavender has a duty under the MWA and OSHA to be aware of hazards in the areas where Lavender assigns its employees to work. *Id.* at ¶9.

- Lavender completed a Job Safety Analysis ("JSA") form each day before beginning work "to look ahead for hazards, for seeing hazards, and maybe eliminate them prior to starting work. Dkt. No. 64-3 at 103; Dkt. No. 64-4.

---

[2] Plaintiff speculates that he slipped on dry pigment that had become wet that morning due to condensation from dew or fog. There is no evidence to support this speculation. However, regardless of whether Plaintiff slipped on spilled slurry or dry pigment that had become wet due to condensation, Lavender knew or should have known of the slip and fall risks present throughout the Hamilton Facility due to slurry or dry pigment becoming wet through rain or condensation.

04690762

- Lavender completed a JSA on February 14, 2022 for the job assignment at issue listing "Slick Surfaces" as being one of the "Area Hazards," and stating that one of the "Steps of the Job" was to "look for all potential hazards and work safely." Dkt. No. 64-4. The February 14, 2022 JSA purportedly contains Plaintiff's signature, and Plaintiff testified that he signed a Lavender JSA every day, which included multiple days working in the slurry storage tank area. *Id.*; Dkt. No. 64-3 at 103.

Plaintiff does not even attempt to dispute that Lavender knew or should have known about the alleged dangerous condition. Dkt. No. 73. Instead, he focuses his Response solely on attempting to establish the existence of a disputed issue of fact as to whether *he* knew or should have known about the alleged dangerous condition *Id.* However, because it is undisputed that Lavender knew or should have known of the alleged dangerous condition, Plaintiff's actual or constructive knowledge is irrelevant. For this reason alone, Tronox is immune from liability under Section 11-1-66 and is entitled to summary judgment on Plaintiff's claims in their entirety.

Furthermore, even if Plaintiff's knowledge of the slippery condition was the sole issue before the Court in its Section 11-1-66 analysis (as Plaintiff's Response suggests), Plaintiff's sworn deposition testimony establishes that he had known for approximately one week before his accident that dew and fog could cause the powdered pigment on the ground to change form and become "pasty." The Court should reject any claim by Plaintiff, now that he is confronted with a summary judgment motion, that he was unaware of the slippery condition because Tronox failed to warn him.

**I.     Plaintiff Does Not Dispute That Lavender Knew or Should Have Known of the Alleged Dangerous Condition.**

In Section I and pages 12-13 of its Memorandum in Support of Motion for Summary Judgment (Dkt. No. 65), Tronox presented numerous facts which establish that Lavender knew or reasonably should have known prior to February 14, 2022, that the surface of the slurry storage tank area could become slick at times. Moreover, as discussed in detail in Tronox's

04690762

3

Memorandum, Lavender was responsible for conducting daily inspections prior to its employees entering the work area and completing a Job Safety Analysis, which confirmed that Lavender had warned its employees of potential hazards including slip and falls. Plaintiff does not even address these facts in his Response, let alone dispute them. Indeed, the *only* fact that Plaintiff disputes is that he knew of the alleged dangerous condition. Accordingly, the Court should accept Tronox's version of the facts regarding Lavender's knowledge and its responsibility to warn Plaintiff. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."); *Soutullo v. Smith*, 519 F.Supp.3d 365, 370 (N.D. Miss. 2021) (quoting *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) ("If the moving party satisfies his initial burden, the nonmovant 'must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'").

Although Plaintiff briefly mentions 11-1-66 in his Response (but mistakenly refers to it as 11-1-6) and acknowledges that "it is undisputed that Lavender, Inc. was operating as an independent contractor performing work under a Master Work Agreement with Tronox," he attempts to avoid summary judgment by making his knowledge/lack of knowledge an issue of fact. Again, Plaintiff's knowledge or lack knowledge is not the sole issue. Section 11-1-66 provides immunity to a premises owner such as Tronox from liability for injuries to employees of Tronox's independent contractors in two scenarios: (1) if the independent contractor (e.g., Lavender) knew or reasonably should have known of the alleged dangerous condition, or (2) if the independent contractor's employee knew or reasonably should have known of the condition. Plaintiff's Response focuses on the latter and completely ignores the former. His failure to

04690762

4

address Lavender's knowledge is sufficient grounds for the Court to grant summary judgment in favor of Tronox.

### II. Tronox's Failure to Warn Plaintiff Does Not Equate to Him Lacking Knowledge of the Alleged Dangerous Condition.

In attempting to create an issue of fact, Plaintiff relies on his own deposition testimony and claims that (1) Tronox did not mention in the initial safety meeting that slurry on the ground could be slippery and (2) that he did not know what would happen if the powder on the ground came in contact with dew or fog. *See* Response [Dkt. No. 73] at pp. 4-5. However, even giving Plaintiff the benefit of the doubt as to whether Tronox warned him of potential slip and fall hazards, Plaintiff's testimony establishes that he ultimately learned of the slippery condition in the slurry storage tank area prior to February 14, 2022:

```
15   A.  It's powder form. It was all in powder form
16  until the dew fell.
17   Q.  Until it the dew fell?
18   A.  When the fog and the dew fell on it, then it
19  wasn't powder anymore. It was pasty.
20   Q.  How do you know it was in powder form until the
21  fog and dew fell?
22   A.  Because I had been working there for a week.
```

Dkt. No. 64-3 at 122:15-22. Understandably, Plaintiff does not refute or attempt to explain this testimony in his Response. Instead, he relies on *Calonkey v. Amory Sch. Dist.*, 163 So.3d as support for his position that he "could not assume a risk he did not know existed." *See* Response [Dkt. No. 73] at p. 5.

In *Tanner v. Roseburg Forest Products South, Ltd. Partnership,* 185 So. 3d 1062 (Miss. Ct. App. 2016), a case discussed by Tronox in its Memorandum but not addressed by Plaintiff in his Response, the Mississippi Court of Appeals distinguished *Calonkey*, the case cited by Plaintiff, as follows:

04690762

5

> The difference between *Calonkey* … and the case at hand is that Tanner had used this particular forklift for more than a year before his fall. Tanner, by his own testimony, established he was aware that the forklift had leaked several times before the day of the incident. Tanner also testified that he knew the stairs were wet, grimy, and dirty before he fell on them. Even if Tanner had no knowledge of the specific leak at issue, as he claims, that does not outweigh the fact that he had knowledge of an ongoing issue with leaks on the forklift in question. Tanner, in sum, knew of the allegedly dangerous conditions or reasonably should have known of them. Consequently, section 11–1–66 is applicable and does provide immunity.

*Id.* at 1065 (¶ 11). Just as the plaintiff in *Tanner* testified that "he knew the stairs were wet, grimy, and dirty before he fell on them," Miller testified that when dew and fog fell on the powder, it became pasty and "wasn't powder anymore." Dkt. No. 64-3 at 122:15-22. And he knew this because he had been working in the area for approximately one week. *Id.* Accordingly, the Court should reject Plaintiff's contention now in light of a pending summary judgment motion that he was unaware of the condition of the surface in the slurry storage tank area on February 14, 2022.

    **III.**    **Evidence of Prior Slip and Fall Accidents Is Inadmissible and Therefore Improper Evidence for Plaintiff's Response.**

In his Response, Plaintiff refers to "2 previous incidents where workers slipped and fell on pigment." *See* Response [Dtk. No. 73] at p. 6. These incidents are attached as Exhibit 3 to Plaintiff's Response in Opposition to Defendant Tronox LLC's Motion for Summary Judgment [Dkt. No. 70]. The first relates to an injury on June 3, 2021, to a Tronox employee in a plant warehouse, not the slurry storage tank area where Plaintiff fell. *See* Dkt. No. 70, Ex. 3. The incident report shows that the wet area was caused by a leaking roof, not fog or dew as Plaintiff contends in this case. *Id.* The second incident occurred on July 2, 2021, which, like the first incident, was several months before Plaintiff's fall. Moreover, like the first incident, the July 2,

2021 incident involved a Tronox employee and also occurred in the warehouse. *Id.* After an investigation, Tronox determined that the wet spot was caused by rain entering the building through a hole in the warehouse roof, not from dew or fog. *Id.*

It is well established that for evidence of prior accidents to be admissible, the party offering the evidence bears the burden of demonstrating that "the accidents involved substantially similar circumstances." *Rodriguez v. Crown Equipment Corp.,* 923 F.2d 416, 418 (5th Cir.1991). Here, Plaintiff made no attempt in his Response to establish the similarity between his February 2022 slip and fall in the slurry storage tank area, and the June and July 2021 slip and fall incidents that involved Tronox employees (as opposed to an independent contractor's employees) working in the plant warehouse (as opposed to the slurry storage tank area) Accordingly, the Court should disregard this evidence as alleged support for Plaintiff's claim that "Tronox was well aware that the pigment when mixed with water became slick and a trip hazard." *See* Response [Dkt. No. 73] at p. 5; *Mackey v. Owen*, 1998 WL 34024160, at *2 (N.D. Miss. Nov. 20, 1998) (citing *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991)) ("A plaintiff must respond to a motion for summary judgment with admissible evidence."). But even if the Court considers evidence of prior incidents, Tronox's alleged knowledge and failure to warn does not trump the immunity from civil liability afforded by Section 11-1-66 when the independent contractor and/or its employee also have knowledge of the dangerous condition as the undisputed facts in this case demonstrate.

## **CONCLUSION**

The Court should grant Tronox's Motion for Summary Judgment because the undisputed facts show that Plaintiff's employer knew or reasonably should have known of the potential slip and fall hazards in the slurry storage tank area. Therefore, Tronox is immune from civil liability

04690762

7

for Plaintiff's injuries pursuant to Section 11-1-66 of the Mississippi Code. Tronox is also entitled to summary judgment under Section 11-1-66, despite Plaintiff's effort to create an issue of fact regarding his lack of knowledge of the condition and his belief that Tronox had a duty to warn him. Regardless of whether Tronox warned Plaintiff of the condition prior to his fall, Plaintiff's sworn deposition testimony establishes that he had known for approximately one week that the surface of the area could become slippery when the powdered pigment on the ground came into contact with dew or fog. Accordingly, Section 11-1-66 absolves Tronox of any liability for Plaintiff's injuries.

Dated:   May 9, 2025.

Respectfully submitted,

**TRONOX LLC**

 /s/ R. Richard Cirilli, Jr.
One of Its Attorneys

OF COUNSEL:

Scott F. Singley, MSB No. 100134
R. Richard Cirilli, Jr., MSB No. 99132
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, Mississippi  39205
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902
ssingley@brunini.com
rcirilli@brunini.com

04690762

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically transmitted the foregoing pleading or other paper to the Clerk's Office using the CM/ECF System for filing which transmitted a Notice of Electronic Filing to all CM/ECF registrants in this case.

Dated: May 9, 2025.

                                                      /s/ *R. Richard Cirilli, Jr.*
                                                      R. Richard Cirilli, Jr.